900 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cosa THOMAS, Defendant-Appellant.
 No. 89-5979.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1990.
 
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges, and PAUL V. GADOLA, District Judge.*
 PER CURIAM:
 
 
 1
 This is an appeal from appellant's, Cosa Thomas', conviction on a one-count indictment charging her with knowingly and intentionally possessing, with intent to distribute, 1260 units of Dilaudid, in violation of 21 U.S.C. Sec. 841(a)(1). Dilaudid is a controlled substance under 21 U.S.C. Sec. 812, Schedule II.
 
 
 2
 Appellant was arrested on May 19, 1988, and released on bond. On May 26, 1988 Thomas was indicted, and on May 31, 1988 she entered a not-guilty plea at her arraignment.
 
 
 3
 On April 19, 1989, this case was tried before a jury in the United States District Court for the Western District of Tennessee, Western Division. The jury returned a verdict of guilty on April 20, 1989. On July 20, 1989, the District Court entered a judgment of sentence, sentencing appellant to a term of 63 months, with a three year period of supervision following release. Notice of Appeal was filed July 28, 1989, and appellant was allowed to remain free on original bond pending appeal. The relevant facts are set forth below.
 
 
 4
 On May 19, 1988, Sgt. Michael Dunlap of the Shelby County, Tennessee Sheriff's Department, Narcotics Division, was on duty checking packages at the Federal Express Company, in Memphis. Sgt. Dunlap was using a trained narcotics-detecting dog. While on duty, a package containing 1260 dosage units of Dilaudid was discovered.
 
 
 5
 The package was addressed to "Koser Taylor", but the address of the residence was in the name of "Kecia Thomas". The return address on the package indicated it came from Peggy Potts of Englewood, California.
 
 
 6
 Sgt. Dunlap arranged for Officer Harry Brown, an investigatory officer with the Narcotics Division of the Shelby County Sheriff's Department, to deliver the package to 2219 Perry Street, Memphis, Tennessee. Brown was dressed as a Federal Express delivery person. When he knocked on the door, appellant answered. Officer Brown testified that he asked appellant to identify herself and she responded that she was "Koser Taylor". He then had her sign a manifest attached to a clip board. Appellant did so by signing the name "Koser Taylor" next to the name which had previously been written on the manifest. After signing the manifest, the appellant was handed the package. Officer Brown then arrested her. The officer later discovered her real name was Cosa Thomas.
 
 
 7
 Following the arrest, a search of the premises was conducted. No other drugs, drug paraphernalia or money were found. A folder/address book taken from appellant's purse contained the name "Potts" and a telephone number with the same area code as the return address label on the package. However, the telephone number was not the same as the telephone number on the package destination slip.
 
 
 8
 Appellant contends that the District Court erred in failing to grant her Motions for Acquittal made at the close of the government's proofs, and renewed at the close of all the proofs. Appellant contends the government failed to produce evidence which would allow the jury to determine, beyond a reasonable doubt, that she knowingly and intentionally possessed, with intent to distribute, 1260 dosage units of Dilaudid.
 
 
 9
 In reviewing an appellant's motion for acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure, the relevant question is whether, after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This standard gives full play to the responsibility of the trier of fact to fairly resolve any conflicts in testimony, to weigh the evidence, and to draw reasonable inferences. 443 U.S. at 319. Once a defendant has been found guilty of the crime charged, the trier of fact's role as weigher of the evidence is preserved through the legal conclusion that upon judicial review, all of the evidence is to be considered in a light most favorable to the prosecution. 443 U.S. at 319. The appellate court must also accept all reasonable inferences which tend to support the jury's verdict. United States v. Cardenas, 748 F.2d 1015, 1019, (5th Cir.1984).
 
 
 10
 The offense of possession with intent to distribute requires the government to prove beyond a reasonable doubt that the defendant (1) knowingly (2) possessed a controlled substance (3) with intent to distribute it. 21 U.S.C. 843(a)(1). Actual possession of the drug is not required; constructive possession, which occurs when the defendant "exercises, or has the power to exercise, dominion and control over the item" is sufficient. United States v. Samad, 754 F.2d 1091, 1096 (4th Cir.1984). Intent to distribute a drug may be inferred from the quantity of drugs the defendant possesses. Id.; see also, United States v. Laughman, 618 F.2d 1067 (4th Cir.), cert. denied, 447 U.S. 925 (1980).
 
 
 11
 Viewing all the evidence in a light most favorable to the government, this Court must assume that appellant identified herself as the fictitious addressee of the package, as indicated by Officer Brown. The Officer also testified that appellant signed the manifest using the same false name, and then received the package containing 1260 units of Dilaudid.
 
 
 12
 The Government was required to show that Thomas was expecting the delivery of the package which appellant knew contained the controlled substance. If appellant knew that "Koser Taylor's" package contained Dilaudid, then from her knowing receipt of the package, the jury could reasonably infer that she knowingly possessed the substance. Samad at 1096. The quantity of Dilaudid found in the package provided a sufficient factual basis from which the jury found the requisite intent to distribute. Id. at 1097.
 
 
 13
 The evidence presented by the Government supports the conclusion that a jury could reasonably find, beyond a reasonable doubt, that the appellant expected delivery of the package. Appellant's prior knowledge of the package's contents can be inferred from her own behavior. Appellant identified herself as the fictitious addressee. She signed the manifest using the same false name, and then took possession of the package.
 
 
 14
 Appellant contends she had no knowledge of the package's contents and signed for it because she thought it was for someone else in the residence. She testified that when she answered the door, Officer Brown stated he had a package for "Koser Taylor". Officer Brown testified that when the appellant answered the door he asked for her name and she replied "Koser Taylor". The jury obviously placed more credibility in Officer Brown. This Court must recognize the jury's responsibility to determine the credibility of the evidence and witnesses.
 
 
 15
 Additionally, the Government's evidence showed that appellant possessed an address book containing the name "Potts", which was the same last name of the person who sent the package. Further, the area code listed next to "Potts" was the same area code listed on the return address of the package. Appellant testified that she knew a man named Potts, but not a "Peggy Potts", the person listed on the return address. A jury is entitled to make reasonable inferences from the evidence. Samad at 1096. From the Government's evidence, the jury did reasonably infer that appellant knew the Potts who sent the package.
 
 
 16
 The second element of the offense is "possession". A person has constructive possession if he has "ownership, dominion or control over the contraband itself, or dominion over the premises in which the contraband is concealed." United States v. Matra, 841 F.2d 837, 840 (8th Cir.1988). It is also defined as knowledge of presence plus control. Id.
 
 
 17
 Viewing the evidence in the light most favorable to the Government, appellant accepted delivery of the package by completing the steps necessary to take possession, i.e. identifying herself as the addressee and signing the manifest. Further, appellant physically received the package from Officer Brown.
 
 
 18
 Appellant argues she was never actually in possession of the drugs because she was immediately arrested upon signing the manifest and therefore Officer Brown never relinquished control of the package. However, since appellant claimed to be the addressee of the package, she had the right to receive possession and the jury could reasonably conclude that Thomas took possession of the drugs.
 
 
 19
 The third and final element of the offense is intent. Intent to distribute may be inferred from the quantity of drugs possessed by a defendant. Samad at 1096. Appellant concedes that if sufficient proof was presented to establish a knowing possession of the package, then intent may be inferred from the presence of the 1260 units of Dilaudid. This Court finds that sufficient proof was presented by the government to establish a knowing possession of the contraband by appellant.
 
 
 20
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 *
 The Honorable Paul V. Gadola, United States District Court for the Eastern District of Michigan, sitting by designation